IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. No. 97-103L |
| | ) | |
| ANTHONY SILVA | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO CORRECT ERROR/OMISSION IN SENTENCE

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephanie S. Browne, Assistant United States Attorney, and hereby responds to the Defendant's Motion to Correct Error/Omission in Sentence pursuant to Rule 36.

TRAVEL

On December 3, 1997, the grand jury indicted defendant, Anthony Silva, with distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). At the time of his indictment, defendant was in the custody of the State of Rhode Island on a probation violation based on the acts for which he was federally indicted. His sentence on that violation terminated on June 3, 1998.

On March 13, 1998, Silva pleaded guilty to counts I and II of the indictment pursuant to an agreement with the government. On June 2, 1998, this Court imposed a sentence of 151 months confinement and 15 years of supervised release. At the sentencing, the Court stated that defendant's sentence was to commence on December 12, 1997.

On October 6, 1998, an official from FCI Ray Brook wrote the undersigned inquiring as to the reason the Court had indicated that the sentence should begin at a date prior to its imposition. A response was sent on November 16, 1998 in which the undersigned stated that she presumed the Court had selected the December 12, 1997 date as that was the date defendant had appeared before a federal magistrate judge and had been ordered detained on the instant charges although he was in state custody serving his sentence for violating the terms of his state probation. A copy of those two letters are attached hereto.

On January 5, 2001, this office received another inquiry on this same subject, again from FCI Ray Brook. This letter posed the same question and indicated it had never received an answer to the October 1997 inquiry. The undersigned spoke with James Cochran of FCI Ray Brook on January 16, 2001. A copy of the government's letter of November 16, 1998 letter was faxed to him that day. Mr. Cochran agreed he should seek clarification directly from the Court.

Defendant is currently serving his term of imprisonment on the instant charges. This motion followed.

ARGUMENT

Rule 36 provides the Court with the authority to correct clerical errors in judgments. According to the January 5, 2001 letter from the Bureau of Prisons (BOP), the BOP is relying upon 18 U.S.C. § 3585 in computing the date defendant's sentence commenced. (Copy attached) As this appears to be something other than a correction of an error, defendant must first file a request for administrative relief with the Bureau of Prisons. There is no indication he has done so.

In United States v. Wilson, 503 U.S. 329, 335 (1992), the Supreme Court stated that "[f]ederal regulations have afforded prisoners administrative review of the computation of their credits . . . and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." (citing 28 C.F.R. §§ 542.20-542.16). Likewise, the First Circuit noted in Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999), that if a prisoner believes that such credit is inappropriately computed or denied, he may appeal through established administrative procedures. "Once administrative remedies are exhausted prisoners may then seek judicial review of any jail-time credit determination by filing a

habeas petition under 28 U.S.C. § 2241." Id. at 358.

The administrative scheme set forth in 28 C.F.R. §§ 542.10-542,16 provides that "an inmate shall first present an issue of concern informally to staff . . . before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13. "The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the request occurred." 28 C.F.R. § 542.14(a). An inmate who is not satisfied with the Warden's response to his request for remedy "may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the general Counsel within 30 calendar days of the date the regional Director signed the response." 28 C.F.R. § 542.15.

The Supreme Court has long acknowledged the "general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992). Here, defendant does not even contend that he exhausted the administrative remedies set forth in 28 C.F.R. §§ 542.10-542.16.

There are circumstances in which a party will not be required to exhaust his administrative remedies. Those fall into three general categories, only one of which applies here. "Prejudice may result from an unreasonable or indefinite timeframe for administrative action. . . . Even where the administrative decisionmaking schedule is otherwise reasonable and definite, a particular plaintiff may suffer irreparable harm if unable to secure immediate judicial consideration of his claim." McCarthy v. Madigan, 503 U.S. at 146-47.

Defendant alleges that it is "imperative" that the Court give this issue "expedited action" because the Bureau of Prisons' failure to back date the commencement of his sentence is to his "peril." However, Silva offers no explanation why he did not raise this issue administratively sooner such that he could have taken advantage of the system in place. His failure to promptly file his request and make use of the administrative procedures which "includes rapid filing and response timetables," McCarthy v. Madigan, 503 U.S. at 143, can not now be used as a reason to avoid exhaustion of administrative remedies. "The exhaustion requirement is jurisdictional; a habeas petitioner's failure to exhaust available administrative remedies requires dismissal of the petition for lack of jurisdiction." Quinn v. Menifee, 2000 WL 680360 (S.D. N.Y. May 25, 2000).

Even if this Court were to find that defendant may avoid the administrative system, this Court does not have jurisdiction to hear the matter. A claim that the Bureau of Prisons has failed to accurately compute credit for time spent in pretrial custody is not an issue that goes to the legality of the sentence imposed. As noted in Rodgers, once the administrative procedures have been exhausted, "prisoners may then seek judicial review of any jail-time credit determination by filing a habeas petition under 28 U.S.C. § 2241." Rogers, 180 F.3d at 358.

Silva has grounded his action on Rule 36, Fed.R.Crim.Pro. However, his remedy, if any, lies in a petition pursuant to 28 U.S.C. § 2241. As such, he is seeking his remedy in the wrong forum. "Because a writ of habeas corpus acts not upon the prisoner but upon the person who holds him, the petition is properly brought in the jurisdiction with jurisdiction over the custodian." Jimenez v. United States, 2000 WL 28164 * 3. Silva is currently incarcerated at FCI Elkton in Lisbon, Ohio. Thus, even if this matter was ripe for review under 28 U.S.C. § 2241, this petition must be filed in the Northern District of Ohio, the forum in which Silva is held.

18 U.S.C. § 3585(b) provides:

> **(b) Credit for prior custody.** - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
> (1) as a result of the offense for which the

> sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

In United States v. Wilson, 503 U.S. 329 (1992), the Supreme Court stated that "Congress made clear that a defendant could not receive a double credit for his detention time." Id. at 334. In the instant case, Silva was being held as a violator of his state imposed probation on an unrelated matter. He was released from his state sentence for his violation of probation on June 3, 1998 and the time he spent in state custody was applied to that sentence. He can not receive double credit for that time.

"A federal sentence commences 'on the date the defendant is received in custody awaiting transportation to, or arrives . . . at, the official detention facility at which the sentence is to be served,' 18 U.S.C. § 3585, not when sentence is imposed. Any statement by the court prescribing when a sentence will begin to run is mere surplusage." Taylor v. Reno, 164 F.3d 440, 445 (9th Cir. 1998) (citing Scott v. United States, 434 F.2d 11, 21 (5th Cir. 1970)).

## CONCLUSION

For all of the foregoing reasons, the Motion should be denied; and the credit, if any, he is to receive for pretrial confinement by state authorities on state charges should be left

to determination by the Bureau of Prisons.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHANIE S. BROWNE
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 7th day of March, 2006, I mailed a true copy of the Government's Response to Defendant's Motion to Correct Error/Omission, ordinary mail and postage prepaid, to:

Anthony Silva
FCI Elkton
P.O.Box 10
Lisbon, Ohio 44432

**U.S. Depa.. .ment of Justice**

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 528-5477
FAX (401) 528-5474

November 16, 1998

R. Wiley
Warden
FCI Ray Brook
P.O. Box 300
Ray Brook, New York 12977-0300

Re: SILVA, Anthony, Reg. No. 04516-070
Case Number 1:97CR00103-001

Dear Mr. Wiley:

I am in receipt of your latter dated October 6, 1998 concerning the above named defendant. You have asked why the district court ordered that Silva's sentence commence as of December 12, 1997 although he was not sentenced until June 2, 1998 and despite the fact that your records show he was not released from state custody until June 3, 1998.

In reviewing my file, although I have no specific notes on the issue, it is my memory that Chief Judge Lagueux found that Silva had in fact been in exclusive federal custody from December 12th onward. Silva had been ordered detained by the magistrate judge at the time of his arraignment on that date.

I hope this has been helpful. You may wish, of course, to convey your concern to the court should you still believe that the court erred.

Sincerely,

MARGARET E. CURRAN
United States Attorney

Stephanie S. Browne
STEPHANIE B. BROWNE
Assistant U.S. Attorney

SSB

U.S. Depar nt of Justice

Federal Bureau of Prisons

*Federal Correctional Institution*

*P.O. Box 300*
*Ray Brook, New York 12977-0300*

October 6, 1998

Ms. Stephanie S. Browne, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
10 Dorrance Street - 10th Floor
Providence, RI 02903

RECEIVED
OCT 26 1998
U.S. ATTORNEY
DISTRICT OF RI

RE: SILVA, Anthony, Reg. No. 04516-070
Case Number 1:97CR00103-001

Dear Ms. Browne:

The Bureau of Prisons seeks your assistance in properly carrying out the Order of the Court. Clarification is needed on the above-named individual who was sentenced on June 2, 1998, in the District of Rhode Island by U.S. District Judge Ronald R. Lagueux, to a term of imprisonment of one hundred and fifty-one (151) months and 15 years supervised release. The Court ordered that Inmate Silva's sentence commence on December 12, 1997, prior to the date of imposition.

Records reveal that on June 28, 1997, Mr. Silva was sentenced by the State of Rhode Island, Docket No. 61/97-10009, to a one year suspended sentence with one year probation for the charge of Simple Assault. On October 30, 1997, Mr. Silva was arrested by Rhode Island State authorities on several narcotic charges under Docket No. 62/97-17349. On October 31, 1997, the State of Rhode Island violated Mr. Silva's probation under Docket No. 61/97-10009, due to the above charges. Mr. Silva was discharged from this violation on June 3, 1998. On December 3, 1997, a federal Grand Jury for the District of Rhode Island returned a two-count indictment charging Mr. Silva with Distribution of Cocaine Base and Possession with Intent to District Cocaine Base. The State of Rhode Island dismissed their charges on Docket No. 62/97-17349, in lieu of federal prosecution on December 5, 1997.

In accordance with Bureau of Prisons Program Statement 5880.28, *Sentence Computation Manual* (CCCA of 1984) and 18 U.S.C. § 3585(a) *Commencement of Sentence*:

> "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served. If the prisoner . . . is in exclusive federal custody at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition, even if a state sentence is running along concurrently."
>
> **"In no case can a federal sentence of imprisonment commence earlier than the date on which it was imposed."**

In accordance with the above listed policies, the Bureau of Prisons would be prohibited from commencing Mr. Silva's sentence any earlier than the date it was imposed. Therefore, based upon the aforementioned information, we have computed Mr. Silva's sentence to commence on June 3, 1998, the date he was discharged from his State Violation of Probation term of imprisonment, to the exclusive custody of the federal authorities. Since Mr. Silva was in service of his state sentence from October 30, 1997 through June 3, 1997, he would not be entitled to presentence credit in accordance with 18 U.S.C. § 3585(b). However, if Mr. Silva is granted a concurrent sentence, the Bureau of Prisons would compute his sentence to commence on June 2, 1998, the date of imposition.

We are seeking your assistance in clarifying the commencement date of Mr. Silva's federal sentence so we may properly carry out the intent of the Court. If an amended order is issued, we ask that you please forward a copy of the judgment to our institution.

If you have any questions or concerns, please contact Mr. James Cochran, Inmate Systems Manager, at 518-891-5400.

Sincerely,

R. Wiley
Warden

Enclosure

**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Institution*

*P.O. Box 300*
*Ray Brook, New York 12977*

RECEIVED
JAN 12 2001
U.S. ATTORNEY
DISTRICT OF RI

January 5, 2001

Ms. Margaret E. Curran
United States Attorney
District of Rhode Island
50 Kennedy Plaza
Fleet Center, 8th Floor
Providence, RI 02903

**RE: SILVA, Anthony - Reg. No. 04516-070**
**Case Number: 1:97CR00103-001**

Dear Ms. Curran:

This is to request your assistance in the matter of the following correspondence, originally mailed during October '98. The correspondence was sent to the attention of Ms. Stephanie S. Brown, Assistant U.S. Attorney, at the address of: U.S. Attorney's Office, 10 Dorrance Street - 10th Floor, Providence, RI 02903. We note that the correspondence may have been mailed to the incorrect address of the U.S. Attorney's Office. Additionally, we have no record of a reply to the correspondence.

"The Bureau of Prisons seeks your assistance in properly carrying out the Order of the Court. Clarification is needed on the above-named individual who was sentenced on June 2, 1998, in the District of Rhode Island by U.S. District Judge Ronald R. Lagueux, to a term of imprisonment of one hundred and fifty-one (151) months and 15 years supervised release. The Court ordered that Inmate Silva's sentence commence on December 12, 1997, prior to the date of imposition.

Records reveal that on June 28, 1997, Mr. Silva was sentenced by the State of Rhode Island, Docket No. 61/97-10009, to a one year suspended sentence with one year probation for the charge of Simple Assault. On October 30, 1997, Mr. Silva was arrested by Rhode Island State authorities on several narcotic charges under Docket No. 62/97-17349. On October 31, 1997, the State of Rhode Island violated Mr. Silva's probation under Docket No. 61/97-10009, due to the above charges. Mr. Silva was discharged from this violation on June 3, 1998. On December 3, 1997, a federal Grand Jury for the District of Rhode Island returned a two-count indictment charging Mr. Silva with Distribution of Cocaine Base and Possession with Intent to District Cocaine Base. The State of Rhode Island dismissed their charges on Docket No. 62/97-17349, in lieu of federal prosecution on December 5, 1997.

Ms. Margaret E. Curran
Page 2
January 5, 2001

In accordance with Bureau of Prisons' Program Statement 5880.28, *Sentence Computation Manual* (CCCA of 1984) and 18 U.S.C. § 3585(a) *Commencement of Sentence*:

> "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served. If the prisoner . . . is in exclusive federal custody at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition, even if a state sentence is running along concurrently."
>
> **"In no case can a federal sentence of imprisonment commence earlier than the date on which it was imposed."**

In accordance with the above listed policies, the Bureau of Prisons would be prohibited from commencing Mr. Silva's sentence any earlier than the date it was imposed. Therefore, based upon the aforementioned information, we have computed Mr. Silva's sentence to commence on June 3, 1998, the date he was discharged from his State Violation of Probation term of imprisonment, to the exclusive custody of the federal authorities. Since Mr. Silva was in service of his state sentence from October 30, 1997 through June 3, 1997, he would not be entitled to presentence credit in accordance with 18 U.S.C. § 3585(b). However, if Mr. Silva is granted a concurrent sentence, the Bureau of Prisons would compute his sentence to commence on June 2, 1998, the date of imposition.

We are seeking your assistance in clarifying the commencement date of Mr. Silva's federal sentence so we may properly carry out the intent of the Court. If an amended order is issued, we ask that you please forward a copy of the judgment to our institution."

Should you have any questions or need additional information, please feel free to contact Mr. James Cochran, Inmate Systems Manager, at (518) 891-5400, Extension #455.

Sincerely,

John Nash
Warden

Enclosures

cc: Judgment & Commitment File
J. Cochran, ISM