UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTHONY SILVA,<br>Petitioner,<br><br>-v-<br><br>UNITED STATES OF AMERICA,<br>Respondant. | ) | CASE NO. 97-103L |

MOTION TO HOLD 3582 IN ABEYANCE PURSUANT TO 18 U.S.C. 3582(c)(2) and 1B1.10(c) TO MODIFY AN IMPOSED SENTENCE UPON RETROACTIVE AMENDMENT TO 2D1.1 NOVEMBER 1, 2007 GUIDELINE AMENDMENT FOR COCAINE BASE (CRACK)

NOW COMES, the Petitioner Anthony Silva (herein "Silva") in Pro-Se; and, respectfully moves this honorable Court pursuant to 18 U.S.C. 3582(c)(2) and 1B1.10(c) of the United States Sentencing Guidelines to modify an already imposed sentence of Petitioner based upon the Retroactive Amendment to 2D1.1 which became effective November 1, 2007, specifically Amendment 9.

As this Honorabe Court is aware, the Sentencing Commission has listed in 1B1.10(c) to include Amendment 9 as the amendment the Honorable Court may apply retroactively under 18 U.S.C. 3582(c)(2), which provides "In cases where a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), the Court upon motion of the defendant, or the Director of the Bureau of Prisons, or on its own motion, the Honorable Court may reduce the term of imprisonment after

considering factors set forth in section 3553(a) to the extent that they are applicable policy statements issued by the Sentencing Commission...."

STATEMENT OF LAW AND POLICY

On May 1, 2007, the United States Sentencing Commission (hereinafter "Sentencing Commission"), sent to the United States Congress, proposed changes to the Guidelines which included interalia, Amendment 9. Through the Sentencing Commission's unyielding efforts to reduce the harsh and unjust disparities beween crack cocaine and powder cocaine. Amendment 9. will effectively reduce Petitioners' sentence two (2) points from the Sentence base offense level. The Amendment also designed a mechanism to determine a combined base offense level in an offense involving crack cocaine and other controlled sbustances; and, also provides the Court the authority to adjust downward by two (2) levels. Under these new determining factors, which allow the Honorable Courts discretion in reviewing extraordinary and compelling reasons surrounding Petitioners case, the Honorable Court now has the opportunity to apply the new critera set forth in U.S.C. 994(o), and bring relief to a long overdue injustice.

RELEVANT FACTS OF THIS CASE

The undersigned Petitioner, Silva, was indicted on December 3, 1997, in the District of Rhode Island for count One (1) Distribution of Cocaine 21 U.S.C. §841(a), Aiding and Abetting 18 U.S.C. §2 and count two (2) Distribution of cocaine 21 U.S.C. §841(a) and Aiding and Abetting

same. Defendant Silva entered into a guilty plea as to count(s) one (1) and two (2) on March 13, 1998. Defendant Silva was sentenced on June 2, 1998 to a term of 151 months imprisonment. Subsequently, Defendants sentence was reduced six (6) months as the District Court awarded Defendant time served in Federal Custody from December 12, 1997 to June 3, 1998. Therefore, Defendant Silva was left with a sentence of 145 months.

## ARGUMENTS FOR REDUCTION OF SENTENCE

Petitioner plead guilty to 119.88 grams of cocaine base, under 2D1.1 defendant was given level 32, from 50 grams to 150 grams of crack cocaine base. Defendant was givena three (3) level decrease for acceptance of responsibility bringing him to a total offence level of 29.

Petitioner would now like to argue and move this Honorable Court in view of the new Guideline Amendment, Amendment 9 specifically. That Defendant be now considered for retroactive application in accordance with 2D1.1. and a two (2) level reduction be granted. Petitioner did not receive a downward departure under 5k1.1. or Rule 35 motion.

## CHARACTERISTICS AND QUALIFICATIONS IN SUPPORT OF 18 U.S.C. 3553(a)

Defendant Silva was born on November 13, 1969, in Providence, Rhode Island to the union of Raymond Silva and Florence Silva. Defendant Silva affirms and purports he did not have a relationship with his father due to circumstances out of his control. Therefore, Defendant Silva grew up pretty

much without a father figure and role model. Defendants mother is disabled. As a child growing up without the affection, direction and care of his mother and father defendant Silva found himself making a lot of wrong choices. (Please see Presentencing Report for the documentations of these facts). Defendants mother was committed to a mental health institution and Defendant was placed into temporary custody of the State of Rhode Island, Child Welfare Services. Defendant was moved from one foster home to another receiving little or no stability, and eventually ending up in the custody of his paternal grandparents until the age of 17. Defendant Silva after accessing his life nad his troubled childhood decided he did not want to be just another negative statistic tried to change his life by volunteering for life enrichment programs (See Presentencing Report pg. 11, paragraph 38). After completing many programs Defendant became engaged, married and a male child was conceived. Defendant Silva now understands why he made the wrong choices he made, and because he's now learned there are alternatives to these negative choices and crime he now want's to become an advocate for youth that have experienced the same as he.

Defendant Silva upon his release from prison plans to move to South Carolina, where his Sister now resides and start his life anew. Defendant Silva plans to volunteer with Goodwill of Southern Peidmont in hopes to deter youth from criminal elements. Defendant upon release hopes to procure a job with a Landscaping Company with hope of starting his own someday.

CONLUSION

Petitioner seeks relief under 1B1.10(A)(1) for the two (2) level reduction under the Retroactive Amendment to the Sentencing Guidelines which becomes effective on March 3, 2008. Petitioner herein respectfully requests this Honorable Court to apply the advisory Sentencing Guidelines to the instant resentencing 18 U.S.C. §3582(c)(2) proceedings.

Petitioner futher prays that this Honorable Court will grant unto him such other and further relief as set forth under 18 U.S.C. 3553(a) as may be deemed just and proper under the circumstances.

Respectfully submitted this 11 day of February 8, 2008.

Anthony Silva
FPC Williamsburg, Satellite Camp
Post Office Box 340
Salters, S.C. 29590

CERTIFICATE OF SERVICE

I, Anthony Silva hereby certify that on 2/11/08 I served upon the following interested parties, a true copy of the foregoing Motion for Reduction of Sentence, by United States Mail, as follows:

ASSISTANT U.S. ATTORNEY
U.S. ATTORNEY'S OFFICE
10 DORRANCE STREET - 10 Floor
PROVIDENCE, R.I. 02903

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK OF COURT
PROVIDENCE, RHODE ISLAND 02903

Respectfully submitted,

Anthony Silva